An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN BRAUN AND LINDA
BRAUN, AS TRUSTEES OF THE
CHRISSANI REVOCABLE FAMILY
TRUST DATED SEPTEMBER 10, 1990,
Appellants,
vs.
NEVADA LAND, LLC, A DELAWARE
LIMITED LIABILITY COMPANY,
Respondent.

No. 57434



FILED

FEB 05 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a district court summary judgment in a contract action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellants challenge the district court's summary judgment in favor of respondent on appellants' breach-of-contract claim. They contend that questions of fact exist regarding the enforceability of an October 17, 2007, agreement in which they were granted a 15-year lease of a private viewing box in the Reno Aces' baseball stadium and the right to use the viewing box for all stadium events. Respondent contends that the agreement is unenforceable as a matter of law because (1) it lacked consideration or, alternatively; (2) it was procured by economic duress.

We review de novo whether the district court properly granted summary judgment. Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "[I]ssues of contractual construction, in the absence of ambiguity or other factual complexities, present questions of law for the

SUPREME COURT
OF
NEVADA

(O) 1947A

13-03791

courts and are suitable for determination by summary judgment." Ellison v. C.S.A.A., 106 Nev. 601, 603, 797 P.2d 975, 977 (1990).[1]

## The 15-year lease term is unenforceable due to a lack of consideration

On July 12, 2007, the parties entered into a $6 million real estate contract, and they contemporaneously signed an addendum in which appellants agreed to pay respondent $250,000 for a 10-year lease of a private viewing box. The addendum further provided that the details surrounding the viewing box lease would be resolved within 60 days. On October 17, 2007, the parties entered into a 15-year lease agreement, which further specified that appellants could use the viewing box for all stadium events.

Appellants expressly concede that, in light of its 10-year term and $250,000 price, the July addendum was valid and binding upon its signing. They argue, however, that their contractual duties under both the addendum <u>and</u> the underlying real estate contract were conditioned upon the parties timely reaching a definitive agreement as to the remaining details of the viewing box lease. Thus, according to appellants, nonoccurrence of this condition discharged them of their duty to close on the real estate contract, and they were free to renegotiate the entire contract once the 60-day window elapsed. We disagree.

"[C]onditions precedent are not favored by the law, and are to be strictly construed against one seeking to avail himself of them." Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 891 n.11 (9th Cir. 2010) (internal quotation omitted). As such, "[w]here it is

---

[1]Having considered appellants' argument regarding respondent's alleged failure to comply with NRCP 56(e), we conclude that it lacks merit.

doubtful whether words create a promise or an express condition, they are interpreted as creating a promise." Liu v. T & H Machine, Inc., 191 F.3d 790, 798 (7th Cir. 1999) (internal quotation omitted).

Here, the July addendum provides no guidance whatsoever regarding the consequences of a failure to reach a definitive agreement within 60 days. Nor does any other evidence suggest that the parties intended to abandon the entire $6 million real estate contract in the event that they failed to timely resolve the details surrounding the private viewing box lease. Thus, appellants' obligations under the addendum and the underlying contract were not discharged by nonoccurrence of a condition, and they were not free to renegotiate the existing terms of the agreement without providing additional consideration.[2] Consequently, the October 17 agreement's 15-year lease term is unenforceable due to a lack of consideration.

---

[2]We reject appellants' argument that their willingness to close escrow on October 18, rather than on October 31, constituted valid consideration. The July addendum plainly states that "Buyer will notify seller of their intent to close escrow on or before October 31, 2007" (emphasis added). Because respondent already contracted for the right to close on October 18, appellants' willingness on October 17 to do the same is not valid consideration. County of Clark v. Bonanza No. 1, 96 Nev. 643, 650-51, 615 P.2d 939, 944 (1980) ("Consideration is not adequate when it is a mere promise to perform that which the promisor is already bound to do.").

For the first time in their reply brief, appellants point to various additional terms in the October 17 agreement to support their argument that consideration existed. Because reply briefs are limited to answering any matter set forth in the opposing brief, NRAP 28(c), we decline to consider whether these terms would constitute consideration. See Bongiovi v. Sullivan, 122 Nev. 556, 569 n.5, 138 P.3d 433, 443 n.5 (2006) (refusing to consider an issue raised for the first time in a reply brief).

The record on appeal is inadequate to determine whether the "all-events" term was procured by economic duress

Although the October 17 agreement's 15-year lease term is unenforceable due to lack of consideration, the same cannot necessarily be said about the agreement's "all-events" term—i.e., the term allowing appellants to use the viewing box for baseball and non-baseball events. Contrary to respondent's assertion, the July addendum does not limit appellants' use of the viewing box to baseball games only.[3] Thus, this term was left open for future clarification, and inclusion of the all-events term in the October 17 agreement therefore did not require additional consideration. As a result, the district court improperly invalidated this term based on lack of consideration.

Respondent argues that we should affirm on its alternative argument relating to economic duress. Because the district court did not rule on this argument, we decline to consider the issue.[4]

---

[3]Although the record suggests that appellants were orally informed of respondent's envisioned restriction, the record is unclear as to whether this occurred before or after the addendum was signed.

[4]We reject appellants' suggestion that respondent waived the affirmative defense of economic duress. Although respondent did not actually assert this defense in its answer to appellants' complaint, both parties' summary judgment motions treated the economic duress defense as having been raised. Because appellants were able to address and argue the merits of this defense, fairness dictates that it be considered on remand. Ivory Ranch v. Quinn River Ranch, 101 Nev. 471, 473, 705 P.2d 673, 675 (1985) ("It is recognized that an affirmative defense can be considered (if not pleaded) if fairness so dictates and prejudice will not follow.").

Accordingly, we affirm the district court's summary judgment as to the 15-year lease term but reverse the district court's summary judgment to the extent that it invalidated the all-events term. On remand, the district court shall address whether this term was procured by economic duress.

It is so ORDERED.[5]

_____, C.J.
Pickering

_____, J.
Saitta

_____, J.
Hardesty

cc:   Hon. Brent T. Adams, District Judge
      Jonathan L. Andrews, Settlement Judge
      Sean L. Brohawn
      Duane Morris, LLP/Truckee CA
      Washoe District Court Clerk

---

[5]In light of our disposition, we reverse the district court's award of attorney fees and costs.